# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES MICHAEL MUNSON, et al.,<br><br>Defendants. | No. 09-CR-3027-LRR<br><br>ORDER FOR PRETRIAL DETENTION |

On July 8, 2009, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney John H. Lammers. The Defendant appeared personally and was represented by attorney JoAnne Lilledahl.

## RELEVANT FACTS

On June 18, 2009, Defendant James Michael Munson was charged by Indictment (Docket No. 1), with one count of conspiracy to distribute methamphetamine and one count of possession with intent to distribute methamphetamine. Defendant entered a plea of not guilty, and trial is scheduled before Chief Judge Linda R. Reade on August 24, 2009.

Mason City Police Officer Toby Schissel, who is currently assigned to the North Central Iowa Narcotics Task Force, testified regarding the facts underlying the instant charges. Officer Schissel testified that during a search warrant executed at Defendant's

house, one ounce of "ICE methamphetamine" was found on Defendant in his pant's pocket. According to Officer Schissel, Defendant admitted selling "large amounts" of methamphetamine during the previous several months. Officer Schissel opined that a "conservative estimate" was that Defendant had sold approximately five pounds of methamphetamine. The quality of the methamphetamine is purported to be "high."

According to the Pretrial Services Report, Defendant is 33-years old and has never been married. He has two children from a prior relationship, who live with their mother in Cedar Rapids, Iowa. Defendant has apparently lived in Northeast Iowa for the last 20 years and immediately prior to his arrest with living with his brother in Rudd.

Defendant dropped out of highschool in the ninth grade, but has taken some classes toward earning his GED. Defendant is currently laid off from his employment as a concrete laborer. Defendant reported that he is in good health and has no history of physical or mental health issues.

Defendant told the Pretrial Services Officer that he started using marijuana at age 16, with his last use being three or four years ago. Defendant started using methamphetamine at age 20, with periods of heavier use starting within the last few years. Defendant told the Pretrial Services Officer that he last used methamphetamine about one week prior to his arrest. Defendant started a substance abuse treatment program at Prairie Ridge in Mason City, Iowa, but did not complete the program. Defendant later completed

a substance abuse treatment program while in prison.

Defendant's convictions include harassment in the second degree, theft in the fourth degree, driving while barred (on two occasions), operating while intoxicated, refusing to obey orders, violating a no-contact order, and voluntary absence/escape. Significantly, Defendant received a two-year suspended prison term for driving while barred in June 2001. After violating his probation, however, he was ordered to reside at a residential facility in September 2002. Defendant apparently walked away from that facility in October 2002, however, and a warrant was issued for his arrest. Defendant was not arrested until February 2003. Defendant's probation was then revoked, and he was sent to prison on March 14, 2003. Defendant was paroled on October 13, 2003.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Acts of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the Government moves to have a defendant detained prior to trial, the Court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been

charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the Court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with one count of conspiracy to distribute methamphetamine and one count of possession with intent to distribute methamphetamine, both of which are offenses found in § 3142(f)(1).

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or

combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with one count of conspiracy to distribute methamphetamine and one count of possession with intent to distribute methamphetamine. Methamphetamine was found on Defendant's person during the execution of a search warrant, and Defendant admitted selling methamphetamine during the preceding several months. Accordingly, the weight of the evidence would appear to be substantial. Defendant has long ties to the Northeast Iowa area, although following execution of the search warrant, Defendant and his girlfriend traveled to Georgia, where they apparently stayed with her family for some undisclosed period of time. Defendant subsequently returned to Iowa and was arrested in this State. Defendant has a long history of substance abuse and admitted using methamphetamine shortly prior to his arrest. Significantly, Defendant failed on probation on at least two prior occasions. When Defendant walked away from the halfway house, a warrant was issued for his arrest and he was not arrested until nearly four months later. The Court is not confident that Defendant would comply with conditions established for his release.

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an

Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the Defendant bears a limited burden of production - not a burden of persuasion - to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001). Once the Defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighted by the Court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of providing by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

**ORDERED**

**IT IS THEREFORE ORDERED** as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Defendant's motion for detention hearing (Docket No. 49) to the filing of this Ruling shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

**DATED** this 10th day of July, 2009.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA